1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

YING WAI WONG,

        Defendant.

Case No. CR06-5668FDB

ORDER DENYING DEFENDANT
WONG'S MOTION TO SUPPRESS

     Defendant Wong moves to suppress evidence illegally seized and statements improperly taken by government law enforcement officials.  Specifically, Defendant argues that the government agents exceeded the scope of the first warrant that they obtained, which allowed them to search for evidence of illegal entry.  The issues have been fully briefed, a suppression hearing was held on May 10, 2007, additional briefing on the issue of border searches has been submitted, and the Court is fully informed and denies Defendant Wong's motion to suppress evidence and statements.

*The Searches*

     The warrant allowed the agents to look for indicia of ownership and occupancy, papers that would establish citizenship, and any electronic devices that would establish routes of travel. When they entered the boat cabin, they found five duffle bags and a small suitcase on the bunk.  SA

ORDER - 1

Gleckman opened one of the bags and discovered vacuum-sealed packages that contained pills of various colors.  A field test was performed, and the pills tested positive for the properties of MDMA. The agents then sought an addendum to the first warrant, which would cover narcotics and related evidence.  While the agents were waiting for the Superior Court Judge to call them back, they proceeded to open all of the bags, finding pills in all of them.

Defendant Wong argues that there were no exigencies or other justification for continuing the search without authorization; instead of waiting for the Judge to amend the warrant, the agents conducted a warrantless search.

There is an exception to the warrant requirement for searching vehicles because of their mobility; thus, in *Carroll v. United States*, 267 U.S. 132 (1925), the Supreme Court held that vehicles may be searched without warrants if the officer undertaking the search has probable cause to believe that the vehicle contains contraband.  "[T]he justification to conduct such a warrantless search does not vanish once the car has been immobilized; nor does it depend upon a reviewing court's assessment of the likelihood in each particular case that the car would have been driven away, or that its contents would have been tampered with, during the period required for the police to obtain a warrant."  *Michigan v. Thomas*, 458 U.S. 259, 261 (1982).

In this case the boat had been brought out of the water and was up on the trailer,  which was attached to the Defendants truck, all of which had been towed out of the water by the Agents' truck. Defendant Ho, who had been driving the boat, gave his consent to Agent Gleckman to search the boat.  Because the boat's small cabin was locked, the Agents sought a search warrant for documents indicating ownership, areas of travel, and other evidence of illegal entry into the United States. Upon entry of the small cabin, and finding that the first bag opened contained pills testing positively for MDMA, the Agents went back to the Judge to obtain an addendum to the first search warrant to search for evidence of drugs.

At the point when the Agents found the pills testing positively for MDMA, they had probable

ORDER - 2

1   cause to believe that the boat was being used to smuggle drugs, and under federal law, *Carroll* and

2   its progeny, were authorized to search the boat without a warrant.  Moreover, the initial search

3   warrant did not become invalid at the instant the drugs were found, nor did application for an

4   addendum to the original search warrant negate their authority to search.  The agents were still

5   entitled to rely on the original search warrant in opening the other bags to see whether there was

6   evidence of illegal entry into the United States, and the agents also had probable cause to search

7   based on a belief that the boat was being used to smuggle drugs.

8                                    **Border Search**

9           The parties have submitted additional briefing on the subject of border searches as applied to

10  this case.  Having considered the parties' submissions, the Court concludes that the ICE agents in

11  this case had a reasonable suspicion that the defendants were involved in criminal activity and

12  conducted a legal search of the boat.

13          The parties apparently agree that when a search does not occur at a permanent border

14  checkpoint or the functional equivalent thereof, reasonable suspicion to conduct the search is

15  required.  In *United States v. Sahanaja*, 430 F.3d 1049, 1054 (9th Cir. 2005),  the Court noted that

16  reasonable suspicion of criminal activity is required to conduct an extended border search and

17  referenced "extended border search doctrine" articulated in *Alexander v. United States*, 362 F.2d

18  379, 382 (9th Cir. 1966):

19                      Where ... a search for contraband by Customs officers is not made at
                        or in the immediate vicinity of the point of international border
20                      crossing, the legality of the search must be tested by a determination
                        whether the totality of the surrounding circumstances, including the
21                      time and distance elapsed as well as the manner and extent of
                        surveillance, are such as to convince the fact finder with reasonable
22                      certainty that any contraband which might be found in or on the
                        vehicles at the time of search was aboard the vehicle at the time of
23                      entry into the jurisdiction of the United States.  Any search by
                        Customs officials which meets this test is properly called a "border
24                      search".

25

26  ORDER - 3

*Sahanaja*, 430 F.3d at 1053-54.   "Reasonable suspicion exists when an officer is aware of specific, articulable facts which, when considered with objective and reasonable inferences, form a basis for particularized suspicion." *United States v. Tiong*, 224 F.3d 1136, 1139 (9th Cir. 2000).  Factors to consider may include:

> (1) characteristics of the area; (2) proximity to the border; (3) usual patterns of traffic and time of day; (4) previous alien or drug smuggling in the area; (5) behavior of the drive including obvious attempts to evade officers; (6) appearance or behavior of the passengers; (7) model and appearance of the vehicle; and (8) officer experience.

*Id.*

The boat's driver, Defendant Ho, did not enter the United States at the port of entry at Port Angeles, but instead made entry at the Freshwater Bay Marina without making the required contact with immigration officials prior to landing in the United States.  The earlier surveillance of the defendants as described at the suppression hearing, the defendants' entry into the United States without reporting at an area other than a port of entry, the defendants' conflicting stories about what they were doing, together with the experience of the agents involved is sufficient to conclude that under the totality of the circumstances, the agents had a reasonable suspicion of criminal activity sufficient to conduct a border search.

### The Statements

Defendant Wong also argues that his statements made to Agent Gleckman,  must be suppressed.  Agent Gleckman identified himself to Wong and asked him what was going on.  Wong stated that

> he and his friends were at the boat ramp to pick the boat up.  Wong then told SA Gleckman that he and his friends did not travel with the boat down here, that the trailer was empty when they got here and then stated that he was just traveling with his friends and wasn't sure what was happening.

(Def. Wong's Memorandum, p. 10.)  Defendant Wong argues that Agent Gleckman had identified himself to Wong, that the Agents' truck was blocking the defendants' truck from moving,  that there were agents scattered around the scene,  that Wong had not been given his *Miranda* rights, and that

ORDER - 4

the statements, therefore, must be suppressed.

The Ninth Circuit states the rule for determining the voluntariness of a statement:

> "The test is whether, considering the totality of the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducements so that the suspect's will was overborne." ...  This totality of the circumstances test was clarified and refined by the Supreme Court in *Colorado v. Connelly*, 479 U.S. 157 (1986)(Connelly).  There, the Court held that "coercive police activity is a necessary predicate to the finding that a confession is not "voluntary" within the meaning of the Due Process Clause of the Fourteenth Amendment."  The Court emphasized that in the confession cases it had decided over the previous 50 years, the "crucial element" had been the presence of "police overreaching."  *Id.* at 163&n.1.  Thus, the Court has made it clear that a confession is only involuntary under the fourteenth amendment if the police use coercive activity to undermine the suspect's ability to exercise his free will.

*Derrick v. Peterson,* 924 F.2d 813, 317-18 (1990)(citations omitted).

In Wong's circumstances, the crucial element of overreaching by the agents is lacking, and the statements need not be suppressed.

NOW, THEREFORE, IT IS ORDERED: Motion of Defendant Ying Wai Wong to Suppress [Dkt. # 89] is DENIED.

DATED this 16th day of May, 2007.

_____
FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 5